STRINGER, Judge.
Appellant, Christopher Andrew Roberts, appeals his conviction for murder in the first degree. He raises several issues; however, we find merit in only one: his contention that the trial court erred in excluding the testimony of an unlisted defense witness without conducting a proper Richardson[1] inquiry and without considering less restrictive sanctions.
Prior to trial, the State and the defense had each listed one expert witness on the issue of insanity, appellant’s sole defense. However, a few days before trial the State was permitted to add as a second expert witness, one of the psychologists previously appointed by the court. On the morning of trial, appellant sought to add Dr. .Michael Maher, a psychiatrist, as an additional defense witness on the issue of insanity. Dr. Maher had not been previously listed. on the defense witness list. Defense counsel reasoned that since' the State was permitted to add a second expert witness for trial, the defense should likewise be permitted to add a second expert witness. Dr. Maher had been appointed six months prior to trial to conduct a competency examination of appellant after appellant had been declared indigent. The appointment was subsequently rescinded after the State objected on the basis that appellant previously had a confidential expert appointed at state expense, and he was entitled to only one. See Fla. R.Crim. P. 3.216(a). Apparently Dr. Maher had already examined appellant and reported the results to defense counsel prior to his appointment being rescinded. Initially, appellant argued that he should be allowed to add Dr. Maher, and that the State should pay for Dr. Maher’s services. Thé trial court rejected this suggestion noting that the order appointing Dr. Maher had been rescinded. Appellant then asserted that he still wished to call Dr. Maher, and that the matter of who would pay for Dr. Maher could be considered at a later time. Without conducting a formal Richardson hearing, the trial court refused to permit appellant to call Dr. Maher. This was error, and we reverse.
When a discovery violation occurs, the trial court' is required to make an adequate inquiry and “[t]he extent to *210 which sanctions should be imposed for discovery violations depends upon the totality of the circumstances, including whether the violation was inadvertent or willful, whether it was trivial or substantial, and most important, whether it prejudiced the opposition’s ability to prepare for trial.” Richardson v. State, 246 So.2d 771, 775 (Fla.1971). Here the trial court’s inquiry, such as it was, focused on the issue of whether or not the State was going to pay Dr. Maher’s fee rather than on the inquiry required by Richardson.
Failure to conduct a Richardson hearing is subject to harmless error analysis. See State v. Schopp, 653 So.2d 1016 (Fla.1995). “Error is harmless only where it can be said, beyond a reasonable doubt, that the error could not have affected the verdict.” See Czubak v. State, 570 So.2d 925, 928 (Fla.1990). In light of the fact that the State’s cross-examination of the defense’s sole expert suggested that he was biased and was the only one of three experts to hold the opinion that appellant was insane at the time of the offense, we cannot say that excluding Dr. Maher’s testimony without conducting a proper Richardson inquiry was harmless.
The trial court failed to make a finding or determination on the issue of prejudice nor did it make any effort to use other reasonable means, short of excluding the witness, to overcome any such prejudice. We are therefore compelled to reverse and remand for a new trial.
Reversed and remanded for a new trial.
NORTHCUTT, A.C.J., and MENENDEZ, MANUEL, Jr., Associate Judge, Concur.

. Richardson v. State, 246 So.2d 771 (Fla. 1971)